**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

DEANNA TYLER                          :          DOCKET NO. 16-cv-0446

VERSUS                                :          JUDGE MINALDI

BROOKSHIRE BROTHERS, LTD.             :          MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 12] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant Brookshire Brothers, Ltd. ("defendant"). Plaintiff Deanna Tyler ("plaintiff") opposes the motion. Doc. 15.

For the following reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 12] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE** at plaintiff's cost.

## I.
### BACKGROUND

This action arises from a slip and fall on March 21, 2015, in the parking lot of a store owned by defendant in DeQuincy, Louisiana. *See* doc. 1, att. 4, p. 4. Plaintiff alleges that, upon exiting her parked vehicle in the Brookshire Brothers parking lot, "she slipped and fell in standing water due to the rain and drainage issues in the parking lot." *Id.*   She contends she suffered injuries to her arm and wrist, requiring surgery as a result of the fall. *Id.* She filed suit on March 21, 2016, in

the 14th Judicial District Court, Calcasieu Parish, Louisiana, alleging that her fall was caused by the defendant's negligence with respect to the parking lot. *Id.* at 4–5.

The defendant filed a notice of removal to this court on April 4, 2016. Doc. 1. It filed the instant motion on February 3, 2017, alleging that it was entitled to summary judgment because the standing water was either an "open and obvious" condition or an act of God. Doc. 12, att. 1. Accordingly, it seeks to have this matter dismissed with prejudice at plaintiff's cost. *Id.* The plaintiff opposes the motion and alleges that a grant of summary judgment would be premature as discovery is not yet complete. Doc. 15.  A hearing was held on the motion in open court on July 13, 2017, at which hearing both counsel stated on the record they had no additional information to present either in support of or opposition to the motion.

## II.
### LAW & ANALYSIS

#### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*. Ordinarily, summary judgment may not be granted merely because no opposition has been filed. *See Luera v. Kleberg Cnty., Tex.*, 460 Fed. App'x 447, 449 (5th Cir. 2012) (per curiam).

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there is a genuine issue of material fact. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue for trial if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014).

### B.  *Application*

#### 1.  *Merits*

The defendant does not dispute the existence of standing water in its parking lot. Instead it maintains that this condition was an "open and obvious" hazard that was not unreasonably dangerous, insulating the defendant from any liability for plaintiff's failure to heed the condition.

Louisiana courts apply a duty-risk analysis in order to determine whether liability exists in a negligence case. *E.g.*, *Bufkin v. Felipe's Louisiana, LLC*, 171 So.3d 851, 855 (La. 2014). Under this analysis a plaintiff must show that: (1) the defendant had a duty to confirm his conduct to a specific standard of care; (2) the defendant failed to do so; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries, and (5) the plaintiff incurred actual damages. *Christy v. McCalla*, 79 So.3d 293, 299 (La. 2011). The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty of care. *Milbert v. Answering Bureau, Inc.*, 120 So.3d 678, 688 (La. 2013). Whether a duty exists is a question of law. *Id.*

Generally, the owner or custodian of property has a duty to keep that property "in a reasonably safe condition." *Bufkin*, 171 So.3d at 860 (citing *Pryor v. Iberia Parish School Bd.*, 60 So.3d 594, 596–97 (La. 2011)). Accordingly, the owner or custodian must discover unreasonably dangerous conditions on the property and correct them or warn others of their existence. *Id.* However, a condition is not unreasonably dangerous when it should be obvious to all and a defendant, therefore, owes no duty to plaintiff to protect him against open and obvious hazards. *Id.* "[T]o be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition." *Broussard v. State ex rel. Office of State Bldgs.*, 113 So.3d 175, 184 (La. 2013). As the defendant notes, the plaintiff's own awareness of the condition supports a contention that the condition was open and obvious to all.[1]

The plaintiff contends that the "open and obvious" condition doctrine was recently limited in *Broussard*, *supra*. Plaintiff alleges that this case "effectively eliminates the open and obvious nature of the defect as an independent defense" and bars summary judgment as determination of the issue rests on a determination of whether a duty was breached rather than whether one existed in the first place. Doc. 15, pp. 3–4.

We agree that *Broussard* does signal that the "open and obvious" rule is part of the risk-utility analysis. *See Bufkin*, 171 So.3d at 856. However, the court specifically stated in *Bufkin* that "[*Broussard*] should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Id.* at 859 n. 3; *see id.* at 859 (finding no duty owed because of open and obvious nature of condition). Thus where, as here and in *Bufkin*, the defense carries its burden on

---

[1] *See, e.g.*, *Bufkin*, 171 So.3d at 857–58 (plaintiff pedestrian who was struck by bicycle stated in his deposition that he was aware that cyclists in the French Quarter at times rode the wrong way down one-way streets, and that he had been aware of the dumpster at the accident scene, the presence of which had caused him to step into the street, for more than four months by the time of the accident).

establishing that there was no duty because the condition was open and obvious and the plaintiff falls short after the burden shifts, summary judgment is still proper.

Here it is undisputed that there was thus a "substantial" amount of water on the ground. Doc. 12, att. 3, p. 1; doc. 15, att. 1. In her deposition, the plaintiff admitted that she arrived at the store at around 2:30 in the afternoon, that it had been raining heavily throughout the day, that the rain had probably stopped just before she reached the store, and that the water was there when she arrived. Doc. 12, att. 4, pp. 19–21, 24–25, 28. She also stated that there was nothing that prevented her from seeing the water and that she does not believe that she stepped in a hole or on an object. *Id.* at 23, 25.

It is clear from the defense's evidence, including plaintiff's own testimony, and the "Statement of Facts Not Genuinely in Dispute" filed by plaintiff[2] ostensibly in opposition to the motion, that the conditions in the parking lot were open and obvious given the weather that day and the lack of visual obstructions. Accordingly, there is no genuine issue of material fact on this element. The defendant therefore had no duty of care to the plaintiff with respect to the condition, and is entitled to judgment as a matter of law on the plaintiff's claims.[3]

### 2.  *Prematurity of Motion*

The plaintiff alleges that all discovery is not complete, rendering this motion premature. The Federal Rules of Civil Procedure "do[] not require that *any* discovery take place before summary judgment can be granted." *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) (quotations omitted) (emphasis in original). A district court may, however, deny a motion for summary judgment or defer ruling on it if the nonmoving party "shows by affidavit or declaration

---

[2] Doc. 15, Att. 1
[3] Because we find the motion properly granted on this basis, we do not reach defendant's argument that the circumstances presented would constitute an "act of God."

that . . . it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). The nonmoving party must provide specific reasons in support of this request, beyond "vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

Here plaintiff contends that there is discovery outstanding (Doc. 15, p. 4), including depositions of the store manager and employees but she did not show that any depositions have been scheduled nor did she show that any written discovery has been propounded since inception of this litigation over a year ago. No motions to compel discovery have been filed. She also maintains that further discovery is required in order to determine whether the parking lot meets drainage requirements but does not show how that discovery would relate to the "open and obvious" conditions in the parking lot. Accordingly, she fails to demonstrate how further discovery might create a genuine issue of material fact in this matter. There is provides no basis for deferring consideration of this motion.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 12] be **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE** at plaintiff's cost.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 14th day of July, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE